UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 09 CR 1046 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Nan R. Nolan |
| CHENGDE LI | ) | |

## PROTECTIVE ORDER RELATING TO DISCOVERY

Upon the government's motion for a protective order, it is hereby ORDERED as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case, including but not limited to: grand jury transcripts; agency and police department reports; recorded conversations; witness and victim statements and memoranda of interview; immigration records; financial institution records; and telephone service provider records; and any documents and tangible objects produced by the government, shall remain the property of the United States. Upon conclusion of the trial and any appeals of this case or upon the earlier resolution of charges against the defendant, all such materials and all copies made thereof shall be returned to the United States or destroyed, unless otherwise ordered by the Court. All copies withheld by the defense by express order of this Court shall be preserved only so long as is necessary for further proceedings related to this case, after which they shall be returned to the United States or destroyed. The Court may require a certification as to the disposition of any such materials.

2. All materials provided to the defense by the United States may be utilized by the defendant and his or her counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceedings. The materials and their contents shall not be

disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure. Any notes or records of any kind that defense counsel or the defendant may make in relation to the contents of materials provided by the government shall not be disclosed to anyone other than the defendant, defendant's counsel, and persons employed to assist the defense, or such other persons as to whom the Court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

3. The materials shall not be copied or reproduced except so as to provide copies of the materials for the use by each defense lawyer and defendant and such persons as are employed to assist in the defense, and such copies and reproductions shall be treated in the same manner as the original matter.

4. The restrictions set forth in this order do not apply to documents that are public record, including but not limited to, trial transcripts, documents, recordings, or other materials that have been received in evidence at this or other trials; or documents that are otherwise in the public domain.

5. All Title III applications, affidavits, and orders produced by the government in connection with this case, and all other investigative materials and reports disclosed by the government in original or redacted form, may be utilized by the charged defendants and their counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The materials and their contents, and any notes, records or copies of any kind that defense counsel or the charged defendants may make relating to the contents of materials provided by the government shall not be disclosed either directly or indirectly, verbally or in writing,

to any person or entity other than the charged defendants, their counsel, such other persons as are reasonably employed by them as may be necessary to prepare a defense, or such other persons as to whom the Court may authorize disclosure. These restrictions do no apply to documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other materials that have been received in evidence at public hearings or proceedings; or documents or materials that are otherwise in the public domain.

6. Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions. However, nothing contained in this protective order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Date: 01/13/2010

3