UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# FILED

JUL 0 8 2010  NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| MING ZHE QUAN, | ) |
| JUN RI ZHANG, | ) |
| aka "Lao Er," | ) |
| MINGYU ZHANG, | ) |
| QIU XIANG WU, | ) |
| "XIAO NAN," | ) |
| aka "Longfan Zhu," | ) |
| "LAO ZHU," | ) |
| aka "Rongji Quan," | ) |
| XIAO YONG ZHENG | |
| aka "Xiao Di," | |
| MING DONG ZHANG, | |
| XUE LIANG CHEN, | |
| ZHAN QIANG HAN | |

No.    09 CR 1046

Violations:
Title 18, United States Code,
Sections 371, 1028A, 2;
Title 42, United States Code,
Section 408(a)(7)(B)

JUDGE DOW

MAGISTRATE JUDGE VALDEZ

## COUNT ONE

The SPECIAL JANUARY 2009 GRAND JURY charges:

1.    At times material to this indictment:

   a.    The People's Republic of China ("PRC") was a country that issued passports to certain residents that could then be used to travel outside of the People's Republic of China and these passports included certain identifying information, including the passport holder's photograph, name, date of birth, and a unique PRC passport number.

   b.    The Illinois Secretary of State's Office ("ISOS") licensed motor vehicle drivers who were thereby authorized to drive motor vehicles within Illinois and from Illinois to other states. The ISOS also issued identification cards to Illinois residents. The drivers licenses and identification cards issued by the ISOS included the picture of the individual issued the driver's

license or identification card and listed certain identifying information, such as the individual's name, address and date of birth.

c.     Individuals seeking an Illinois driver's license and identification card ("Applicants") from the ISOS were required to provide certain information and documents to the ISOS at one of the ISOS facilities located throughout Illinois.  Applicants were required to provide the Applicant's name, date of birth and social security number ("SSN"), issued by the United States Social Security Administration ("SSA"), to an ISOS employee.

d.     Prior to obtaining an Illinois driver's license or identification card, Applicants were also required to show an ISOS employee an identification document with the Applicant's photograph, such as a passport, that confirmed the Applicant's name and date of birth.  Applicants were also required to show an ISOS employee the Applicant's SSA card ("SSC") with his or her SSN. Applicants were further required to show the ISOS employee proof of the Applicant's Illinois residency ("Proof of Residency"), which could include a bank statement, a bill, or post-marked envelope listing the Applicant's Illinois address.

e.     Applicants seeking an Illinois driver's license ("Driver's License Applicants") were required to pass a written test demonstrating their knowledge of the Illinois traffic laws ("Written Test") and a practical driving skills test, which was administered while driving with an ISOS employee ("Road Test"), prior to being licensed to drive in Illinois and issued a driver's license by the ISOS.

f.     The Written Test consisted of a series of multiple choice questions that tested the Applicant's knowledge of Illinois driving laws.

g.     Upon obtaining a passing score on the Written Test, the Drivers License

2

Applicant was provided a driver's permit. The Drivers License Applicant was then required to take and pass the Road Test with an ISOS employee, who was trained by the ISOS to evaluate the Driving License Applicant's driving skills ("Road Test Examiner").

h.     The Road Test was administered in a vehicle that was provided by the Driver's License Applicant. Before starting the Road Test, the Road Test examiner performed a safety inspection of the vehicle to be used for the Road Test. If the vehicle passed the safety inspection, the Road Test began. In order to obtain a passing score on the Road Test, a Driver's License Applicant was required to successfully execute a series of driving skills when prompted by the Road Test Examiner and correctly answer certain questions orally presented by the Road Test Examiner. If the Driver's License Applicant passed the Road Test, the Driver's License Applicant was permitted to obtain an Illinois driver's license that same day.

i.     The SSA issued SSCs with unique eight digit SSNs to certain authorized individuals in the United States of America or in certain areas that are considered territories of the United States of America. The first three numbers (the "Prefix") in a SSN indicated the geographical location where the SSN was issued to a individual.

j.     The Northern Mariana Islands, which included the Island of Saipan and Guam, and America Samoa were territories of the United States in which the SSA issued SSCs and SSNs to individuals seeking to work in those areas. When issued, these SSNs began with the Prefix 586.

k.     Individuals traveling to the Northern Mariana Islands and America Samoa from foreign countries, such as PRC and Korea, to obtain employment were issued SSNs by the SSA prior to the start of their employment in the Northern Mariana Islands, Guam, and America Samoa.

3

l.      Timothy Johnson was a Road Test Examiner at the ISOS facility located at 9901 South Dr. Martin Luther King Drive in Chicago, Illinois ("Chicago South Facility").

m.      James Howell was a Road Test Examiner at the ISOS facility located at 7200 West 84th Street in Bridgeview, Illinois ("Bridgeview Facility").

2.      Beginning no later than in 2002, and continuing until on or about July 8, 2010 at Chicago, Bridgeview, and Midlothian, in the Northern District of Illinois, Eastern Division, and elsewhere,

MING ZHE QUAN,
JUN RI ZHANG,
aka "Lao Er,"
MINGYU ZHANG,
QIU XIANG WU,
"XIAO NAN,"
aka "Longfan Zhu,"
"LAO ZHU,"
aka "Rongji Quan,"
XIAO YONG ZHENG,
MING DONG ZHANG,
XUE LIANG CHEN,
ZHAN QIANG HAN

defendants herein, conspired with each other and with Lili Liu, Guoqi Zhang, Yiyi Shi, Song Yan Shi, Rong Si, Li Wen Huang, Jun Yun Zhang, Jun Yue Zhang, Jun Xi Zhang, Jun Shun Zhang, Dong Dong Guo, Tiansheng Zhang, Xin Li Wang, Meizhu Wang, Wenyuan Zhou, Yonghui Wang, Zhaofa Wang, and Zhi Yun Li, as well as with others known and unknown to the Grand Jury, (a) to willfully and knowingly furnish to another for use a false, forged, and counterfeited passport, or instrument purporting to be a passport, namely instruments purporting to be PRC passports, in violation of Title 18, United States Code, Section 1543; and (b) with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois identification card or driver's license from the ISOS, falsely

4

represented a number to be the social security account number assigned by the Commissioner of Social Security to an individual, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to that individual, in violation of Title 42, United States Code, Section 408(a)(7)(B).

3.      It was part of the conspiracy that the defendants, together with other coconspirators, assisted individuals ("Customers"), who were either ineligible to apply for and receive Illinois identification cards and driver's licenses or wanted alias identification documents, to obtain Illinois identification cards and driver's licenses in exchange for a cash payment. Certain Customers were ineligible because they did not have a SSN, SSC, photo identification, Proof of Residency or did not know how to drive. The amount of the cash payments made by Customers was dictated by how many documents were needed and how much assistance the Customer needed at the ISOS facilities in order to obtain an Illinois identification card or driver's license. Customers were typically charged between $1,000 to $4,500 for documents. Customers usually made a partial payment of the cash payment prior to obtaining the Illinois driver's license and identification card and paid the balance after they obtained the Illinois driver's license or identification card.

4.      It was further part of the conspiracy that MING ZHE QUAN, JUN RI ZHANG, MINGYU ZHANG, "XIAN NAN," "LAO ZHU," XIAO YONG ZHENG, MING DONG ZHANG, XUE LIANG CHEN, and ZHAN QIANG HAN, Yiyi Shi, Song Yan Shi, Rong Si, Li Wen Huang, Lili Liu, Jun Yun Zhang, Jun Yue Zhang, Jun Xi Zhang, Jun Shun Zhang, Dong Dong Guo, Tiansheng Zhang, Xin Li Wang, Meizhu Wang, Wenyuan Zhou, Yonghui Wang, Zhaofa Wang, and other coconspirators served as brokers whose responsibilities included some of the following: soliciting Customers, obtaining all the necessary identification documents that a Customer needed

5

to secure an Illinois identification card or drivers license, such as a PRC passport, SSC, and Proof of Residency, transporting a Customer to an ISOS facilitiy, insuring that the Customer obtained an Illinois identification card or drivers license, and collecting cash payments from Customers.

5.    It was further part of the conspiracy that Yiyi Shi and Jun Yue Zhang, Jun Shun Zhang, Dong Dong Guo, Xin Li Wang, Meizhu Wang, Wenyuan Zhou, and Yonghui Wang and other coconspirators advertised on the Internet and in newspapers, including the World Journal and Kabarkilat newspapers, their ability to assist Customers seeking to obtain an Illinois drivers license or identification card.

6.    It was further part of the conspiracy that after a Customer contacted a broker, the broker discussed with the Customer the documents and assistance the Customer needed to obtain an Illinois identification card or driver's license.  If a Customer had a SSC, but no photo identification or Proof of Residency, the broker obtained a passport photograph of the Customer and then coordinated with XIAO YONG ZHENG, MING DONG ZHANG, Yonghui Wang, Lili Liu, Jun Yun Zhang, Zhi Yun Li and other coconspirators (hereinafter, collectively the "Manufacturers"), to have a false, forged or counterfeit PRC passport made, or an instrument purporting to be a PRC passport, for the Customer using the customer's own identifying information and photograph.

7.    It was further part of the conspiracy that if a Customer wanted alias identification documents, or did not have a SSC, photo identification, and Proof of Residency, the broker arranged to get a SSC for the Customer from a Manufacturer.  In these instances, the Customer provided the broker a passport photograph, and the Manufacturers provided SSCs to Customers in one of three ways: (a) the Manufacturer provided a false social security number typed on a counterfeit SSC; (b) the Manufacturers provided a genuine social security number issued to an individual other than the

Customer typed on a counterfeit SSC; or (c) the Manufacturers provided a genuine SSC issued to an individual other than the Customer. The Manufacturer also made a PRC passport and Proof of Residency for the Customer. When the Manufacturer used a false social security number, the Manufacturer created a name and date of birth to use on the PRC passport and affixed the Customer's picture to the false PRC passport. When the Manufacturer provided a genuine SSC or SSN that was issued to another individual (the "Card Holder"), the manufacturer used the Card Holder's name and date of birth and then affixed the Customer's picture to the false PRC passport.

8.      It was further part of the conspiracy that the Manufacturers, obtained materials for making identification documents for Customers, including PRC passport covers, blank counterfeit SSCs, as well as genuine SSNs and SSCs for making identification documents for Customers. Lili Liu, Jun Yun Zhang, and other coconspirators obtained genuine SSCs and SSNs with 586 Prefixes from various suppliers, including MING ZHE QUAN, "XIAO NAN," and "LAO ZHU" ("Suppliers"). These Suppliers also frequently provided the Manufacturers identifying information about the Card Holder, such as the Card Holder's name, date of birth, and mother's maiden name.

9.      It was further part of the conspiracy that certain Customers were referred to Manufacturers, including Jun Yun Zhang, and brokers, including Meizhu Wang, by QUE XIANG WU. After finding a Customer, QUE XIANG WU contacted Jun Yun Zhang, Meizhu Wang and others to arrange for the Customer to receive manufactured documents and assistance in obtaining an Illinois identification card or driver's license. In exchange for referring these Customers, QUE XIANG WU received a cash payment for each referred Customer.

10.      It was further part of the conspiracy that Yiyi Shi, Song Yan Shi, Li Wen Huang, Lili Liu, Jun Yun Zhang, Jun Yue Zhang, Jun Xi Zhang, Yonghui Wang, Zhi Yun Li, and other

coconspirators stored materials for making fraudulent identification documents, including PRC passport covers, PRC passports, blank counterfeit SSCs, as well as genuine SSCs and SSNs at various locations in the Chicago area, including 2734 South Wentworth, Units 310 and 408, Chicago, Illinois; 260 West 24th Street, Chicago, Illinois; 2925 South Wells, Chicago, Illinois; 2909 South Elias Court, Chicago, Illinois; 1930 South Louis Parkway, Chicago, Illinois; 8007 Hillcrest, Tinley Park, Illinois; and 1932 South Yong Parkway, Chicago, Illinois.

      11.    It was further part of the conspiracy, that in order to create a PRC passport for a Customer, the Manufacturer used a computer to create a new PRC passport biographical information page associated with the name and date of birth being used by a Customer. These PRC passport biographical pages were then printed by the Manufacturer on his or her computer printer. The Customers's passport photograph was then glued or affixed to the printed PRC passport biographical page. These same pages were then laminated and sewn into a PRC passport cover by the Manufacturer.

      12.    It was further part of the conspiracy that Manufacturers created false Proof of Residency for Customers who came from outside Illinois to Illinois to obtain Illinois identification cards and driver's licenses. The false Proof of Residency were typically created in one of two ways: (a) the Manufacturer created a bank statement, utility bill or phone bill by scanning the document into the Manufacturer's computer, removing the name of the person who actually received the bank statement, utility bill or phone bill in Illinois and replacing it with the name used by the Customer; or (b) defendants or other coconspirators placed a letter into the United States Mail with an addressee's information written in pencil, when the mail was received this addressee information was erased and the name being used by the Customer was written on the post-marked envelope using

a false Illinois address.

13.     It was further part of the conspiracy that Lili Liu, Jun Yun Zhang, Zhi Yun Li,

Yonghui Wang and other coconspirators manufactured the SSCs, PRC passports and Proof of

Residency at various locations, including, but not limited to, 2734 South Wentworth, Units 310 and

408, Chicago, Illinois; 260 West 24th Street, Chicago, Illinois; and 2925 S. Wells, Chicago, Illinois.

14.     It was further part of the conspiracy that, after MING ZHE QUAN, JUN RI ZHANG,

MINGYU ZHANG, "XIAO NAN," "LAO ZHU," XIAO YONG ZHENG, XUE LIANG CHEN,

ZHAN QIANG HAN, Guoqi Zhang, Yiyi Shi, Song Yan Zhi, Rong Si, Li Wen Huang, Lili Liu, Jun

Yun Zhang, Jun Xi Zhang, Jun Shun Zhang, Dong Dong Guo, Tiansheng Zhang, Xin Li Wang,

Meizhu Wang, Wenyuan Zhou, Yonghui Wang and Zhaofa Wang, and other coconspirators obtained

all the necessary documents for a Customer, they provided these documents to the Customers.

Guoqi Zhang, Yiyi Shi, Song Yan Shi, Jun Yun Zhang, Dong Dong Guo, Yonghui Wang, and

Zhaofa Wang also provided documents to individuals "CS-1" and "CS-2", who unbeknownst to

defendants and their conspirators were cooperating with law enforcement and to UCO-2, who

unbeknownst to defendants and their coconspirators was an undercover law enforcement officer, in

exchange for cash payments.

15.     It was further part of the conspiracy that after obtaining the SSC, PRC passport and

Proof of Residency from the Manufacturer, MING ZHE QUAN, JUN RI ZHANG, MINGYU

ZHANG, "XIAO NAN," "LAO ZHU," XIAO YONG ZHENG, MING DONG ZHANG, XUE

LIANG CHEN, ZHAN QIANG HAN, Guoqi Zhang, Yiyi Shi, Song Yan Shi, Rong Si, Li Wen

Huang, Lili Liu, Jun Yun Zhang, Jun Xi Zhang, Jun Shun Zhang, Dong Dong Guo, Tiansheng

Zhang, Xin Li Wang, Meizhu Wang, Wenyuan Zhou, Yonghui Wang, Zhaofa Wang,  and other

coconspirators transported the Customers to an ISOS facility in the Chicago area in order to assist the Customers, including CS-1 and UCO2, in using the manufactured documents to obtain an Illinois drivers license or identification card.

16.    It was further part of the conspiracy that prior to arriving at the ISOS Facility, Yiyi Shi, Song Yan Shi, Rong Si, Lili Liu, Jun Yun Zhang, Jun Xi Zhang, Dong Dong Guo, Wenyuan Zhou, Yonghui Wang, and Zhaofa Wang, and other coconspirators taught customers a memorization scheme that permitted the customers to pass the Written Test without understanding the questions on the Written Test. Defendants also instructed the Customers seeking an Illinois driver's license to take the Road Test.

17.    It was further part of the conspiracy that when Customers could not drive or were unwilling to take the Road Test, JUN RI ZHANG, MINGYU ZHANG, XIAO YONG ZHENG, MING DONG ZHANG, XUE LIANG CHEN, Lili Liu, Yiyi Shi, Rong Si, Jun Yun Zhang, Jun Shun Zhang, Dong Dong Guo, Tiansheng Zhang, Xin Li Wang, Meizhu Wang, Wenyuan Zhou, Yonghui Wang, and other coconspirators, paid cash bribes of approximately $100 to $200 to certain ISOS Road Test Examiners, including Timothy Johnson and James Howell. In exchange for the cash bribe, Timothy Johnson, James Howell and certain other ISOS Road Test Examiners falsely completed the Road Test paperwork indicating that the Customer passed the Road Test, well knowing at the time that the Customers failed the Road Test or never took the Road Test.

18.    It was further part of the conspiracy that Guoqi Zhang, Yiyi Shi, Song Yan Shi, Rong Si, Li Wen Huang, and Lili Liu, Jun Yun Zhang, Jun Xi Zhang, Jun Shun Zhang, Dong Dong Guo, Tiansheng Zhang, Xin Li Wang, Meizhu Wang, Wenyuan Zhou, Yonghui Wang, and Zhaofa Wang, and other coconspirators required the customers to return the PRC passports, unless the customer

paid an extra fee, so the PRC passport could be returned to the Manufacturer for use by future Customers. The customers were allowed to keep the SSC provided by the manufacturer.

19.     It was further part of the conspiracy that defendants and other coconspirators assisted over 2,000 customers obtain Illinois drivers licenses and identification cards using either false PRC passports, SSC, SSNs, or Proof of Residency. The defendants and their coconspirators generated revenues of over $2,000,000 in cash between 2002 and 2010.

20.     It was further part of the conspiracy that the defendants hid, misrepresented, concealed, and caused to be misrepresented, concealed and hidden, the objective of and acts done in furtherance of the conspiracy, and used coded language and other means to avoid detection and apprehension by law enforcement authorities.

Overt Acts

21.     In furtherance of the conspiracy and to effect its objects and purposes, defendants and their coconspirators committed and caused to be committed the following overt acts, among others, within the Northern District of Illinois and elsewhere:

a.     On or about July 12, 2005, MING ZHE QUAN obtained an Illinois identification card.

b.     On or about July 20, 2005, MING ZHE QUAN obtained an Illinois driver's license.

c.     On or about August 17, 2005, "LAO ZHU" obtained an Illinois identification card.

d.     On or about August 17, 2005, "LAO ZHU" obtained an Illinois driver's license.

11

e.      On or about June 8, 2006, ZHAN QIANG HAN obtained an Illinois identification card.

f.      On or about June 23, 2006, ZHAN QIANG HAN obtained an Illinois driver's license.

g.      Between approximately the summer of 2006 and the fall of 2006, XUE LIANG CHEN made a bribe payment to Timothy Johnson.

h.      On or about September 25, 2006, XIAO YONG ZHENG obtained an Illinois driver's license.

i.      On or about December 8, 2006, MING DONG ZHANG obtained an Illinois identification card.

j.      On or about December 12, 2006, MING DONG ZHANG obtained an Illinois driver's license.

k.      On or about December 20, 2006, "XIAO NAN" obtained an Illinois identification card.

l.      On or about January 8, 2007, "XIAO NAN" obtained an Illinois driver's license.

m.      On or about May 9, 2007, ZHAN QIANG HAN obtained an Illinois identification card.

n.      On or about May 10, 2007, ZHAN QIANG HAN obtained an Illinois driver's license.

o.      Between approximately May 2007 and June 2007, JUN RI ZHANG and MINGYU ZHANG made a bribe payment to James Howell.

p.    On or about August 3, 2007, XIAO YONG ZHENG obtained an Illinois identification card.

q.    On or about August 30, 2007, XIAO YONG ZHENG obtained an Illinois driver's license.

r.    On or about September 18, 2007, MING ZHE QUAN obtained an Illinois identification card.

s.    On or about September 18, 2007, MING ZHE QUAN obtained an Illinois driver's license.

t.    On or about September 18, 2007, "XIAO NAN" obtained an Illinois identification card.

u.    On or about January 15, 2008, "XIAO NAN" obtained an Illinois driver's license.

v.    On or about April 3, 2008, "XIAO NAN" obtained an Illinois identification card.

w.    On about September 9, 2008, JUN RI ZHANG spoke with Jun Yun Zhang by telephone.

x.    On or about September 10, 2008, JUN RI ZHANG spoke with Jun Yun Zhang by telephone.

y.    On or about September 11, 2008, QIU XIANG WU spoke with Jun Yun Zhang by telephone.

z.    On or about September 21, 2008, JUN RI ZHANG spoke with Jun Yun Zhang by telephone.

13

aa.     On or about October 21, 2008, "XIAO NAN" obtained an Illinois driver's license.

bb.     On or about November 10, 2008, MING ZHE QUAN obtained an Illinois identification card.

cc.     On or about January 13, 2009, MING ZHE QUAN obtained an Illinois driver's license.

In violation of Title 18, United States Code, Section 371 and 2.

## COUNT TWO

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about July 12, 2005, in the Northern District of Illinois, Eastern Division, and

elsewhere,

### MING ZHE QUAN,

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely,

an Illinois identification card from the ISOS, falsely represented a number to be the social security

account number assigned by the Commissioner of Social Security to him, when in fact such number

was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

15

## COUNT THREE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about July 12, 2005, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MING ZHE QUAN,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth and social security account number of Individual I, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Two of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOUR

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about August 17, 2005, in the Northern District of Illinois, Eastern Division, and elsewhere,

"LAO ZHU,"

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois identification card from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

17

## **COUNT FIVE**

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about August 17, 2005, in the Northern District of Illinois, Eastern Division, and

elsewhere,

"LAO ZHU,"

defendant herein, did knowingly possess and use, without lawful authority, a means of identification

of another person, namely, the name, date of birth and social security account number of Individual

J, during and in relation to defendant falsely representing a number to be the social security account

number assigned by the Commissioner of Social Security to him, when in fact such number was not

the social security account number assigned by the Commissioner of Social Security to him as

described in Count Four of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT SIX

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about June 8, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ZHAN QIANG HAN,

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois identification card from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT SEVEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about June 8, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ZHAN QIANG HAN,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth and social security account number of Individual K, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Six of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT EIGHT

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 25, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### XIAO YONG ZHENG,

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois driver's license from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT NINE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 25, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### XIAO YONG ZHENG,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth and social security account number of Individual L, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Eight of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about December 8, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MING DONG ZHANG,

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois identification card from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT ELEVEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about December 8, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MING DONG ZHANG,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth and social security account number of Individual M, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Ten of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWELVE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about December 20, 2006, in the Northern District of Illinois, Eastern Division, and

elsewhere,

"XIAO NAN,"

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely,

an Illinois identification card from the ISOS, falsely represented a number to be the social security

account number assigned by the Commissioner of Social Security to him, when in fact such number

was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT THIRTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about December 20, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### "XIAO NAN,"

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth and social security account number of Individual N, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Twelve of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOURTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about May 9, 2007, in the Northern District of Illinois, Eastern Division, and

elsewhere,

### ZHAN QIANG HAN,

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely,

an Illinois identification card from the ISOS, falsely represented a number to be the social security

account number assigned by the Commissioner of Social Security to him, when in fact such number

was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

27

## COUNT FIFTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about May 9, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZHAN QIANG HAN,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth, and social security account number of Individual O, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Fourteen of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT SIXTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about August 3, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

XIAO YONG ZHENG,

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois identification card from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT SEVENTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about August 3, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### XIAO YONG ZHENG,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth, and social security account number of Individual P, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Sixteen of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT EIGHTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 18, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MING ZHE QUAN,

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois identification card from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT NINETEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 18, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MING ZHE QUAN,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth, and social security account number of Individual Q, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Eighteen of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 18, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MING ZHE QUAN,

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois driver's license from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

33

## COUNT TWENTY ONE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 18, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MING ZHE QUAN,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth, and social security account number of Individual Q, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Twenty of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY TWO

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 18, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### "XIAO NAN,"

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois identification card from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT TWENTY THREE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 18, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### "XIAO NAN,"

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth and social security account number of Individual R, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Twenty Two of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY FOUR

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about April 3, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

## "XIAO NAN,"

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois identification card from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT TWENTY FIVE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about April 3, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

### "XIAO NAN,"

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth, and social security account number of Individual S, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Twenty Four of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY SIX

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about November 10, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

MING ZHE QUAN,

defendant herein, with intent to deceive and for the purpose of obtaining something of value, namely, an Illinois identification card from the ISOS, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT TWENTY SEVEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about November 10, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MING ZHE QUAN,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, date of birth, and social security account number of Individual T, during and in relation to defendant falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to him as described in Count Twenty Six of this Indictment,

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION ONE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1. The allegations of Counts Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Twenty One, Twenty Three, Twenty Five, Twenty Seven, and Twenty Nine of this indictment are realleged and incorporated herein by reference for the purposes of alleging that certain property is subject to forfeiture to the United States, pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2) and 1028(g).

2.     As a result of the violations of Title 18, United States Code, Section 1028A as alleged in this indictment,

> MING ZHE QUAN,
> "XIAO NAN,"
> aka "Longfan Zhu,"
> "LAO ZHU,"
> aka "Rongji Quan,"
> XIAO YONG ZHENG,
> MING DONG ZHANG, and
> ZHAN QIANG HAN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982 and 1028(g) and (h): (1) any and all property constituting and derived from, any proceeds they obtained, directly or indirectly, as a result of the violations; and (2) and all of the property used, and intended to be used in any manner or part, to commit and facilitate the commission of the violations.

3.     The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 982, 1028(g) and (h) include but are not limited to approximately $2,000,000.

4.      If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

(a)     Cannot be located upon the exercise of due diligence;

(b)     Has been transferred or sold to, or deposited with, a third party;

(c)     Has been placed beyond the jurisdiction of the Court;

(d)     Has been substantially diminished in value; or

(e)     Has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Sections 982 and 1028(g).

## FORFEITURE ALLEGATION TWO

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.       The allegations of Counts One, Two, Four, Six, Eight, Ten, Twelve, Fourteen Sixteen, Eighteen, Twenty, Twenty Two, Twenty Four, Twenty Six, and Twenty Eight of this indictment are realleged and incorporated herein by reference for the purposes of alleging that certain property is subject to forfeiture to the United States, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461.

2.       As a result of the violations of Title 18, United States Code, Sections 1543 and Title 42, United States Code, Section 408, as alleged in this indictment,

MING ZHE QUAN,
JUN RI ZHANG,
aka "Lao Er,"
MINGYU ZHANG,
QIU XIANG WU,
"XIAO NAN,"
aka "Longfan Zhu,"
"LAO ZHU,"
aka "Rongji Quan,"
XIAO YONG ZHENG,
MING DONG ZHANG,
XUE LIANG CHEN,
ZHAN QIANG HAN

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461(c):  any and all property constituting and derived from, any proceeds they obtained, directly or indirectly, as a result of the violations.

3.       The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code,

43

Section 2461 (c), include but are not be limited to approximately $2,000,000.

4.     If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

(a)     Cannot be located upon the exercise of due diligence;

(b)     Has been transferred or sold to, or deposited with, a third party;

(c)     Has been placed beyond the jurisdiction of the Court;

(d)     Has been substantially diminished in value; or

(e)     Has been commingled with other property which cannot be divided without

difficulty, the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY